IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

| | | |
|---|---|---|
| Judy Dahl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-753 |
| | ) | |
| Kohn Law Firm S.C., a Wisconsin corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Judy Dahl, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Judy Dahl ("Dahl"), is a citizen of the State of Wisconsin, residing in the Western District of Wisconsin, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed for TD Bank /Target and Discover Bank credit card accounts.

4. Defendant, Kohn Law Firm SC, ("Kohn"), is a Wisconsin corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Western District of Wisconsin. In fact, Kohn was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Ms. Dahl.

5. Kohn is authorized to conduct business in Wisconsin, and maintains a registered agent here, see record from the Wisconsin Department of Financial Institutions, attached as Exhibit A. In fact, Kohn conducts extensive business in Wisconsin by sending Wisconsin consumers collection letters and by filing collection lawsuits against them.

## FACTUAL ALLEGATIONS

6. On February 27, 2017, Ms. Dahl sent Discover, Discover Financial Services, LLC and TD Bank USA letters, disputing that she owed any debt to them, refusing to pay any alleged debt, and demanding that they cease all communications with her. Copies of these letters and Certified Mail Return Receipts are attached as Group Exhibit B.

7. Undeterred by Ms. Dahl's dispute of the debt and demand to cease all communications, Kohn sent Ms. Dahl a collection letter, dated September 11, 2017, and received several days later, attempting to collect the alleged TD Bank USA/Target credit card debt. Shortly thereafter, Kohn sent Ms. Dahl a collection letter, dated September 19, 2017, and also received several days thereafter, attempting to collect the alleged Discover Bank credit card debt. Kohn's letters admitted that "[The creditor] has advised us that you have requested no further communications regarding this matter." The letters assert a "Balance Due" of $7,412.35 and $4,581.52, respectively. Copies of

these letters are attached as Group Exhibit C.

8. Thus, Defendant Kohn knew that Ms. Dahl had exercised her right to refuse to pay the debt and to demand that collection communications cease, and Kohn was thus required to cease communicating with her, see, 15 U.S.C. § 1692c(c).

9. Kohn's violations of the FDCPA are material because, although Plaintiff had been informed and believed that she had the right to dispute these debts, refuse to pay these debts, and demand that communications from debt collectors cease, Kohn's collection communications made Plaintiff believe that her attempt to exercise her rights under the FDCPA had been futile, and that she did not have the rights Congress had granted her under the FDCPA.

10. All of Kohn's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692c(c) Of The FDCPA --
Failure To Cease Collections**

12. Plaintiff adopts and realleges ¶¶ 1-9.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see 15 U.S.C. § 1692c(c).

14. Here, the letters from Ms. Dahl (Group Exhibit B), notified Defendant that she refused to pay the debts and requested communications to cease – a fact that Kohn

acknowledged in its letters to Ms. Dahl (Group Exhibit C).  Despite this, Kohn sent letters directly to Ms. Dahl demanding payment of the debt (Group Exhibit C).  By contacting Ms. Dahl directly, despite notification that she refused to pay the debt and that she wished all further communication to cease, Kohn violated § 1692c(c) of the FDCPA.

15. Kohn's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Judy Dahl, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA.

2. Enter judgment in favor of Plaintiff Dahl, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Judy Dahl, demands trial by jury.

                                  Judy Dahl,

                                  By: /s/ David J. Philipps_____
                                  One of Plaintiff's Attorneys

Dated: September 11, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Matthew C. Lein     (Wis. Bar No. 1084028)
Lein Law Offices
P.O. Box 761
15692 Highway 63 North
Hayward, Wisconsin 54843
(715) 634-4273
(715) 634-5051 (FAX)
mlein@leinlawoffices.com