IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JUDY DAHL,

                Plaintiff,                    OPINION AND ORDER

v.

                                            18-cv-753-wmc

KOHN LAW FIRM S.C.,

                Defendant.

After plaintiff Judy Dahl allegedly notified her original creditors that she disputed alleged debts, refused to pay them, and demanded they cease contacting her about them, she received two letters from the Kohn Law Firm S.C. concerning some of those same debts. Dahl filed suit, claiming that defendant Kohn Law violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant now seeks to dismiss Dahl's complaint, arguing: (1) to trigger the cease-communications protection of § 1692c(c), Dahl needed to contact Kohn Law directly in writing, as knowledge of similar requests to original creditors is insufficient; (2) the letters were not actionable "communications" under the FDCPA because they were informational rather than demands for payment; and (3) even if the letters were "communications," they were permissible under § 1692c(c)'s exceptions because they notified Dahl of a remedy Kohn intended to invoke. (Dkt. #9.) Given that the plain text of § 1692(c), the court agrees with at least the first and third arguments, either of which are sufficient to dismiss plaintiff's complaint. Accordingly, the court need not reach the second argument.

BACKGROUND[1]

On February 27, 2017, Dahl wrote to TD Bank USA and Discover Financial Services, LLC:

> Don't call me anymore at any number.  Don't send me any letters.  Don't email me.  You or your company may not communicate with me at all.  Stop all communication with me now for the account noted above.  If you had my permission to call or write me, you don't anymore.  Stop Buggin me.
>
> I don't owe you nothin' -- especially for the account above.
>
> If you are taking money from my bank account or credit card, that must stop now to[o].

(Cease & Desist Letters (dkt. #1-2) 1, 6; Compl. (dkt. #1) ¶ 6.)

In September 2017, Kohn Law nevertheless sent Dahl two letters.  The second letter provided in relevant part:

> This is to notify you that this firm was retained to represent Discover Bank to collect its claim against you for the balance owing on your Discover Card account.  Discover has advised us that you have requested no further communications regarding this matter.  However, federal law requires that we provide you with the following notices:
>
> \*     \*     \*
>
> NOTICE: This letter communication is from a debt collector. We are attempting to collect a debt.  Any information obtained will be used for that purpose.  Under the Fair Debt Collection Practices Act, unless you dispute the validity of this debt, or any portion thereof, within thirty days of receiving this notice, we will assume that this debt is valid.  If you notify us in writing within the thirty-day period that this debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment (if any), and a copy of such verification or judgment will be mailed to you.  Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the

---

[1] These facts are drawn from the complaint and the letters attached thereto.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

current creditor.

(Sept. 19, 2017 Letter (dkt. #1-3) 2.)  The first letter concerning a Target credit card is substantially the same, but begins with the sentence "We are writing to notify you that we have been retained by the creditor named above involving your client's Target credit card account." (Sept. 11, 2017 Letter (dkt. #1-3) 1.)

Dahl alleges that receipt of these two letters made her "believe that her attempt to exercise her rights under the FDCPA had been futile, and that she did not have the rights Congress had granted her under the FDCPA." (Compl. (dkt. #1) ¶ 9.)

OPINION

A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency.  See Fed. R. Civ. P. 12(b)(6).  The court must "constru[e] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).  Dismissal is warranted only if no recourse could be granted under any set of facts consistent with the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

To survive a motion to dismiss, a plaintiff must allege sufficient facts to state a plausible claim for relief.  *Spierer v. Rossman*, 798 F.3d 502, 510 (7th Cir. 2015) (citing *Twombly*, 550 U.S. at 570).  "[W]hen it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

Defendant contends that plaintiff has affirmatively pleaded herself out of court as to any claim under the FDCPA.

The FDCPA states that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," with three exceptions that will be addressed later below.  15 U.S.C. § 1692c(c).  To be actionable under § 1692(c), therefore, defendant maintains this language requires that plaintiff provide a written notification *directly* to a debt collector, rather than to the original creditors, and that pleading defendant's knowledge of notice to the creditor is insufficient to trigger the FDCPA's protections.  (Opening Br. (dkt. #10) 4-8.)

To date, only a handful of district courts appear to have considered whether a consumer's written notice to the underlying creditor is sufficient to trigger the protections of § 1692c(c) from communications by the creditor's retained debt collector, and the courts that have considered this question are split with a slight weight of authority requiring a consumer to notify the *debt collector directly and in writing*.  See *Taufen v. Messerli & Kramer, P.A.*, No. 12-2050 (DWF/JJG), 2014 WL 668019, at *7 (D. Minn. Feb. 19, 2014) ("[R]equiring a debtor . . . to individually send letters to subsequent debt collectors to whom the debtor's account is transferred *after* sending written notification to cease communication to a prior debt collector about the same debt, and where the subsequent debt collector has actual knowledge of the cease and desist status, would be too strict of an interpretation of a remedial statute designed to protect consumers."); *Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 81 (N.D.N.Y. 2001) ("[I]n order to prevail on a claim pursuant

4

to § 1692c(c), a plaintiff must establish that he notified the defendant debt collector in writing that he refused to pay the debt or that communications should cease." (citing *O'Connor v. Check Rite*, 973 F. Supp. 1010, 1017 (D. Colo. 1997)); *Maldonado v. Lyons, Doughty, & Veldhuis, P.C.*, No. 13-1825, 2014 WL 1297612, at *3 (D. N.J. Mar. 31, 2014) ("The plain language of the statute requires a written communication directly to the debt collector. Accordingly, in order to prevail on a claim pursuant to § 1692c(c), a plaintiff must establish that he notified the defendant debt collector in writing that he refused to pay the debt or that communications should cease." (quoting *Micare*, 132 F. Supp. 2d at 81)); *Danow v. Borack*, No. 05-61562-CIV-MARTINEZ/BANDSTRA, 2007 WL 9724304, at *1 (S.D. Fla. Feb. 27, 2007) ("The plain language of [§ 1692c(c)] requires a written communication directly to the debt collector." (citing *Micare*, 132 F. Supp. 2d at 81)).[2]

As quoted above, the text of § 1692c(c) certainly provides support for requiring a debtor to provide notice directly to the debt collector in writing. In contrast, other portions of § 1692c *expressly* restrict debt collectors' ability to communicate with consumers based on the debt collector's *knowledge* alone without regard to the source of that knowledge. *See, e.g.*, 15 U.S.C. § 1692c(a)(1) (prohibiting contacting consumers at "a time or place known or which should be known to be inconvenient"); *id.* § 1692c(a)(2) (prohibiting contacting a consumer "the debt collector knows . . . is represented by an attorney" under certain circumstances); *id.* § 1692c(a)(3) (prohibiting contacting a consumer at his "place of employment if the debt collector knows or has reason to know" contact is prohibited by

---

[2] In *Danow*, the Southern District of Florida denied defendants' motion to dismiss because plaintiff's amended complaint alleged that plaintiff *had* notified the named defendants in writing that he was unable to pay and wished for the calls to his house to cease. 2007 WL 9724304, at *1.

the employer). Only if the consumer then provides consent "directly to the debt collector" would these prohibitions not apply. 15 U.S.C. § 1692c(a). Likewise, § 1692c(b) generally prohibits contact with third parties about a debtor owing money absent "prior written consent of the consumer *given directly to the debt collector*." *Id.*

As this court itself previously observed in *Sellers v. State Collection Service, Inc.*, No. 15-cv-148-jdp, 2016 WL 1179231 (W.D. Wis. Mar. 24, 2016), however, "[t]he plain language of section 1692c(c) requires written notification. 'The text articulates no other circumstances requiring a debt collector to cease communications.'" *Id*. at *4 (quoting *Henderson v. Nationstar Mortg., LLC*, No. 14-cv-8194, 2015 WL 2375258, at *2 (N.D. Ill. May 15, 2015))). Whether as a matter of policy it would make more sense to permit knowledge of a prior written notice to trigger these protections is open to debate.[3] In drafting § 1692c(c), however, Congress appears to have deliberately chose *not* to prohibit debt collectors from communicating with consumers based on knowledge alone of the consumer's desire for the cessation of communications or refusal to pay. Thus, it is for Congress, not the court to address such a change.

Here, plaintiff's complaint only alleges that Dahl sent notice of her position to her *creditors* and that the defendant debt collector acknowledged those letters in writing to her. Plaintiff does *not* allege that she provided similar written notice *to the defendant*. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted under § 1692c(c).

---

[3] Plaintiff argues proof of a debt collector's knowledge that a consumer has disputed a debt and asked not to be contacted in writing, even if provided only to the debt holder, should be sufficient to prevent further follow up, but this ignores the separate role of the debt collector in seeking a resolution of the dispute between a consumer and the debt holder or pursuing formal collection proceedings.

Even if the defendant's communications *were* prohibited by § 1692c(c), they also appear to meet two, statutory exceptions to that prohibition.[4] The FDCPA provides three types of permissible communications from a debt collector to a consumer following a consumer's invocation of § 1692c(c)'s cease-communication protection:

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c)(1)-(3).

Both (2) and (3) of § 1692c(c) are satisfied on the face of plaintiff's pleading. In addition to identifying the creditor, debtor and balance owed, as well as advising plaintiff of defendant's representation of the creditor, both of defendant's letters notified her that: she had thirty days to dispute the validity of the debt or defendant would assume it valid; if she disputed the debt, defendant would verify it; and if verified, defendant would provide her with the verification. (Sept. 11, 2017 Letter (dkt. #1-3) 1; Sept. 19, 2017 Letter (dkt. #1-3) 2.) Likewise, the letters notified her that she would be provided the name and address of the original creditor, if requested. (*Id.*) Each of these letters, therefore, appear to at least satisfy exceptions (2) and (3) under § 1692g(a). *See Maldonado*, 2014 WL 1297612, at *1, *3 (concluding letter from debt collector complied with 15 U.S.C. § 1692c(c)(2) and (3) where letter informed consumer: (a) that debt collector represented creditor, (b) that creditor informed debt collector about request for no further

---

[4] "Generally speaking, a communication from a debt collector to a debtor is not covered by the FDCPA unless it is made 'in connection with the collection of any debt.'" *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 382 (7th Cir. 2010) (citing 15 U.S.C. §§ 1692c, 1692e).

communication, and (c) debt balance). Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted under these exceptions as well.

ORDER

IT IS ORDERED that defendant's motion to dismiss (dkt. #9) is GRANTED. The clerk of court is directed to close this case and enter judgment in defendant's favor.

Entered this 23rd day of May, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge